UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14119-MAYNARD[1]

SUZETTE GAYLE,

    Plaintiff,

v.

WILMINGTON SAVINGS
FUND SOCIETY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Plaintiff's *pro se* Motion for Emergency Temporary Restraining Order ("Motion"). DE 6. Having reviewed the record and governing law, I respectfully **RECOMMEND** that the Motion be **DENIED** for the following reasons.

## BACKGROUND

On April 14, 2025, the *pro se* Plaintiff initiated this lawsuit asserting claims relating to foreclosure proceedings. While her Complaint fails to present a complete picture of the relevant chronological events, I have been able to glean the following background information based on my review of the Complaint's attachments and the instant Motion seeking emergency relief on an *ex parte* basis.

---

[1] This non-prisoner *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts.gov/sites/flsd/files/adminorders/2025-11.pdf. Based on the circumstances of this particular case, I am issuing a Report and Recommendation and will be simultaneously issuing a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

On February 9, 2021, Defendant Wilmington Savings Fund Society, FSB ("Wilmington") filed a foreclosure action in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida (Case No. 2021CA000234) against Plaintiff Suzette Gayle and others regarding the property located at 1253 SW San Esteban Street, Port St. Lucie, Florida (the Property).[2] State Court Docket Entry 5; *see also* DE 1-3 at 98.

On October 20, 2022, the state trial court entered a Final Judgment of Foreclosure in favor of Wilmington.[3] State Court Docket Entries 92, 95. The Final Judgment set a foreclosure sale for the Property on February 21, 2023. *Id*. The foreclosure sale went forward as scheduled and Wilmington was the successful bidder at the sale. State Court Docket Entry 122. The Clerk issued a Certificate of Sale memorializing the sale. *Id.*

Shortly before the scheduled foreclosure sale, on February 17, 2023, Ms. Gayle, appearing *pro se*, filed an "Affidavit in Support of Order to Show Cause," which the state court apparently construed as a motion for order to show cause. State Court Docket Entry 114. Wilmington filed a motion to direct the clerk to issue a certificate of title, which Ms. Gayle opposed. State Court Docket Entries 139-42. Judge Brett M. Waronicki held a hearing on May 4, 2023. State Court Docket Entry 153. At the hearing, Judge Waronicki denied Ms. Gayle's motion for order to show cause, and granted Wilmington's request for issuance of a certificate of title. Judge Waronicki issued a written order, State Court Docket Entry 174, which Ms. Gayle appealed to Florida's Fourth District Court of Appeal (Fourth DCA) in Case No. 4D23-1115.

---

[2] This Court may take judicial notice of the contents of the state court records in reviewing the instant Motion because the complaint references the state court matter and it is clearly central to the claims raised. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020). Based on this authority, I take judicial notice of Plaintiff's pending state civil case, *Wilmington Savings Fund Society v. Gayle, et al.*, 19th Judicial Circuit of Florida, St. Lucie County (Case No. 2021CA000234). The state court docket is publicly accessible by going to the Martin County Clerk of Circuit Court's website at https://courtcasesearch.stlucieclerk.gov/BenchmarkWebExternal/Home.aspx/Search and searching case number "2021CA000234".

[3] This Final Judgment was not appealed.

On April 4, 2024, the Fourth DCA *per curiam* affirmed Judge Waronicki's order. State Court Docket Entry 207. A mandate issued on April 25, 2024. State Court Docket Entry 212.

On July 23, 2024, Wilmington returned to state court and filed a verified motion for writ of possession of the property seeking "the right to immediate possession of the Property from those persons remaining therein," which includes Plaintiff who currently lives in the Property according to the pending motion. DE 6 at 1; *see also* State Court Docket Entry 217. The state case was reopened to address Wilmington's motion for writ of possession. State Court Docket Entry 218.

On January 17, 2025, Ms. Gayle filed a motion to stay the writ of possession, Wilmington responded, and a hearing was set for April 16, 2025. State Court Docket Entries 224-27. That hearing was subsequently canceled for non-compliance with submitting a proper hearing notice that included the state courthouse address and courtroom. State Court Docket Entry 228.

Around the same time, on April 15, 2025, Ms. Gayle filed this separate federal action raising various claims relating to the foreclosure and purchase of the Property. DE 1. The complaint alleges that Wilmington's unlawful foreclosure on the Property violated the Real Estate Settlement Procedures Act (RESPA), the Securities Exchange Act, the Truth in Lending Act, federal Real Estate Mortgage Investment Conduit (REMIC) requirements, and state and federal consumer protection statutes. *Id.* at 4, 9-10. The complaint seeks "declaratory relief, injunctive relief, and actual punitive damages in the amount of $800,000 arising from these violations[.]" *Id.* at 4. Specifically, the complaint requests a temporary restraining order allowing Ms. Gayle to stay in the home until the federal case is concluded, a declaration that the mortgage was unenforceable due to improprieties by Wilmington, an order stripping Wilmington of any property rights associated with the Property, and monetary damages. *Id.* at 10-11. On the same day she filed her complaint, Ms. Gayles filed the instant Motion seeking a TRO on an emergency basis.

**DISCUSSION**

This matter is before me on Plaintiff's Motion for emergency temporary restraining order (TRO) brought pursuant to Fed. R. Civ. P. 65(b). DE 6. It is well established in this Circuit that a TRO is an "extraordinary and drastic remedy" that should not be granted unless the plaintiff clearly carries the burden of persuasion on each of the elements. *Cunningham v. Adams*, 808 F.2d 815, 819 (11th Cir. 1987); *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). The standard elements for a TRO are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) entry of relief would serve the public interest. *See KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006); *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

Plaintiff's Motion for emergency TRO is deficient for several reasons. First, Plaintiff's Motion makes various conclusory statements but fails to allege specific facts demonstrating that she meets the requirements for obtaining a TRO. Plaintiff claims the foreclosure judgment was entered unlawfully and she is now being illegally evicted, DE 6 at 3-4, but she has not established a likelihood of success on the merits of these claims. In fact, the underlying state court record demonstrates that the claims Plaintiff raises in this federal case were previously raised in the state court and rejected on appeal. There is no basis to find that the plaintiff has a substantial likelihood of success on the merits. Under Rule 65(b)(1), the lack of "specific facts" alone would be reason to deny a request for TRO without notice to the defendants.

Second, Plaintiff did not comply with Rule 65 insofar as she did not indicate what efforts she made to give notice of her motion or reasons why notice of her motion should not be required. Despite Plaintiff's *pro se* status, this alone requires denial of the motion. *Ragan v. Blakely*, 2022

WL 635425, at *3 (S.D. Ga. Feb. 10, 2022) ("Courts have found that *pro se* parties are not excused from [Rule 65's notice] requirement."); *VanDeCruze v. Nationstar Mortg. LLC*, 2018 WL 3391349, at *2 (M.D. Fla. May 1, 2018); *see Moon v. Newsome*, 863 F.3d 835, 837 (11th Cir. 1989).

Third, Rule 65 provides that a TRO is inappropriate unless "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  Here, Plaintiff has not tendered or offered to tender security to satisfy this requirement. *Cataldi v. N.Y. Comty. Bank*, 2014 WL 359954, at *3 (N.D. Ga. Feb. 3, 2014) ("Plaintiff has not offered to tender any amount as security for a TRO and the Court may not enter a TRO pursuant to Rule 65 without that security.").

Fourth, principles of *res judicata* may also apply.  In *Symonette v. Aurora Loan Servs., LLC*, 631 Fed. Appx. 776, 778 (11th Cir. 2015), the Eleventh Circuit affirmed the dismissal of wrongful foreclosure claims on this basis under similar circumstances.  Here, as in *Symonette*, the four elements required to establish *res judicata* under Florida law are satisfied for the following reasons: (1) Plaintiff's federal suit is for the same thing as the foreclosure suit, a determination of title to property; (2) the causes of action are identical because the "facts essential to the maintenance of [the] federal action [are] identical to those facts which were essential to the maintenance of the prior state action," *id*.; (3) both Ms. Gayle and Wilmington were parties to the foreclosure action; and (4) both "had the incentive to adequately litigate the claims in the same character or capacity" as they would in this action." *Id*.

For the above reasons, Plaintiff's motion seeking extraordinary relief on an *ex parte* basis must be denied.

**RECOMMENDATION**

Plaintiff's Motion for a TRO suffers from a number of deficiencies and fails to demonstrate a substantial likelihood of success on the merits of her claims. Accordingly, I respectfully **RECOMMEND** that Plaintiff's Motion for Emergency TRO, DE 6, be **DENIED**.

**NOTICE OF RIGHT TO OBJECT AND SHORTENED OBJECTIONS PERIOD**

Given the expedited nature of Plaintiff's request, and to promote judicial economy and finality to the parties, a prompt resolution is required. As such, I find it necessary and appropriate to shorten the time for any objections pursuant to Southern District of Florida Magistrate Judge Rule 4(a). Accordingly, the parties shall have FOUR (4) DAYS from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within two (2) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 18th day of April, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE